GREAT NORTHERN RY. CO. v. JOHNSON.

(Circuit Court of Appeals, Eighth Circuit. February 18, 1910.)

No. 3,029.

MASTER AND SERVANT (§ 278*)—ACTION BY SERVANT FOR INJURY—SUFFICIENCY OF EVIDENCE.

Plaintiff while working for defendant railroad company as a boiler maker was injured by a small piece of a flue which, while he was setting the flue in a boiler, broke off and struck him in the eye. He alleged that the injury resulted from the negligence of defendant in using in the boiler "old, worthless, and worn out flues" which were dangerous to work with. There were 220 flues in the boiler, some old and some new, and the only evidence tending to show whether the one by which plaintiff was injured was old or new and its condition was the testimony of a witness that he afterward took out some of the old ones, and that a small piece had been broken from the end of one of them. *Held*, that such evidence was too uncertain and inferential to sustain the allegation of the complaint as to the character and condition of the flue by which plaintiff was injured.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 958, 959; Dec. Dig. § 278.*]

In Error to the Circuit Court of the United States for the District of North Dakota.

Action by Charles Johnson against the Great Northern Railway Company. Judgment for plaintiff, and defendant brings error. Reversed.

Arthur Le Sueur (C. J. Murphy and Fred S. Duggan, on the brief), for plaintiff in error.

Seth W. Richardson (William H. Barnett and Thomas E. Neary, on the brief), for defendant in error.

Before VAN DEVANTER, Circuit Judge, and CARLAND and POLLOCK, District Judges.

CARLAND, District Judge. This action was brought by Johnson against the railway company to recover damages for a personal injury received by him January 7, 1908, while in its employ at Minot, N. D., as a boiler maker. He recovered a verdict, and the railway company has removed the case here by writ of error. One of the errors assigned is the ruling of the trial court made at the close of all the evidence, refusing to direct a verdict for the railway company. It is claimed that this ruling was erroneous because there was no evidence that the railway company was negligent as alleged in the complaint. Johnson stated his cause of action as follows:

"That on the 7th day of January, 1908, this plaintiff, in the performance of said work and duties, as boiler maker for defendant, and under the instructions and orders of defendant, was performing work and duties in a boiler,

known as shaping up the flues preparatory to having the same rolled with an instrument, known as a flue roller, in order to prevent the flues in the said boiler from leaking; that immediately prior thereto the said defendant had, through the work of other employés refitted the said boilers with flues, and in so doing had negligently and carelessly placed in said boiler old, worthless, and worn out flues. which were of such poor material by reason of their long use that they could not withstand the force used in the work done in so reshaping them, * * * well knowing that the said flues so placed in said boiler were of such defective and bad material, and that the same were exceedingly unsafe and dangerous to this plaintiff while he was so shaping same, and without warning to plaintiff: that said plaintiff while so performing said work and duties in a careful, ordinary, and prudent manner, and without any negligence on his part in so shaping up said flues, struck the pin with which he was then attempting to shape said flue, and that said flue was of such poor quality as to be entirely unfit for the purpose for which it was used and to be exceedingly and extremely dangerous and unsafe to the plaintiff while so doing said work and duties, and, in so striking said pin necessarily in the performance of said work, the flue broke and a piece thereof flew striking said plaintiff in the left eye and inflicting in his left eyeball a cut. and thereby said left eye was permanently injured and the vision thereof entirely destroyed."

It was the duty of the railway company to use ordinary care to furnish reasonably safe appliances and materials with which Johnson might perform his work. The question for determination then is: Did the railway company violate this duty in the particular manner charged in the complaint, and if so was such violation of duty, the proximate cause of Johnson's injury? The only charge of negligence specified was the use by the railway company of "old, worthless, and worn out flues." Taking that view of the evidence most favorable to Johnson and the following facts appear: At the time Johnson was injured he was engaged in the work of pinning a flue in the front end of a locomotive boiler. The pinning of a flue consists in driving into the end of a flue an iron pin for the purpose of expanding the flue so that its outer circumference will come in close contact with the flue sheet through which it passes and thus prevent the boiler from leaking around the flue. The end of the flue in question extended in front of the flue sheet from $\frac{1}{2}$ to $\frac{3}{4}$ of an inch. Johnson inserted the iron pin into the flue and struck the pin with a hammer, whereupon, a piece of the flue as large as a dime, heart shaped and of the thickness of the flue, broke off and struck him in the eye. The boiler in question had 202 flues. A short time prior to the date of the injury it had been reflued by a witness for Johnson by the name of Starr. One Collins was boiler maker foreman at the roundhouse. Starr testified as follows:

"Q. Prior to installing those flues, you may state whether you and Mr. Collins had any conversation relative to the flues? A. Yes, we had a conversation. Q. What was that conversation? A. I brought his attention to the flues, and told him some of them I did not think were flues fit to put in the boiler. Q. In what way, Mr. Starr? A. Why the flues were old; they were very thin and light, some of them: others were crystallized—holes in them. Q. What did Mr. Collins say? A. He told me to go ahead and put the flues in anyway and if we could not use them, we could rip them out and put others in. Q. And you did that, did you? A. Yes, sir. Q. Did you do any work on that boiler after Johnson was injured? A. Yes, sir. Q. Now what did you do? A. Why we took out some flues. Q. I wish you would state to the jury what, if anything, you observed with reference to any one of those flues that you removed from the boiler after Johnson was hurt? A. Well I noticed that one of those flues had a piece broken out of it. Q. Now, then, with reference

to the flue that had the piece broken out of it, did you or did you not observe that before you removed the flue from the boiler? A. Yes, sir; before. Q. About how large was this piece? A. Oh, perhaps it was five-eighths of an inch across it and perhaps that long, heart shaped like the bottom of a heart, not exactly wedge shaped. Q. Were those flues you put in that boiler before the accident old or new flues? A. Why they were nearly all old flues, I believe some were new, there were some good ones."

The fact that Johnson was injured, as alleged, as between him and the railway company was no evidence of negligence on the part of the company. Patton v. Texas Pacific Railway Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361. Conceding that there was evidence of negligence in the use, among other flues, of some which were old, thin, and crystallized, as testified by Starr. Still there was no evidence connecting this negligence with plaintiff's injury. The particular flue that caused the injury was in nowise identified except that one of the flues that Starr removed had a piece broken out of it similar to the one noticed by Johnson in the flue he was pinning. Neither Johnson nor Starr located with any definiteness in the boiler head the flue that caused the injury or the one taken out. On this small nick in the flue must rest the identity of the flue, and on the mere fact that Starr removed it from the boiler must rest the finding that it was old, worthless, and worn out. No reason is given for taking the flue out of the boiler, nor is there evidence of its condition when taken out or whether it was new or old. Johnson testified that although the flue extended in front of the flue sheet from one-half to three-quarters of an inch, he could not say and had no means of knowing whether the flue was an old one or not. No witness testifies that the flue from which the piece broke off was new or old. Starr testifies that there were new and old flues in the boiler.

The verdict in the case then rests upon two inferences. First, the inference that because Starr took out of the boiler a flue with a nick in it that, therefore, it was the flue from which the piece broke off that hit Johnson. Second, the inference based upon the other inference that because Starr took it out of the boiler it was old, worthless and worn out. We think a verdict based upon these inferences would be based upon mere speculation, and, therefore, not warranted by the evidence. M. K. & T. Ry. Co. v. Foreman (C. C. A.) 174 Fed. 377.

Judgment reversed and new trial ordered.